FILED: 3/31/2023 3:40 PM
David Trantham
Denton County District Clerk
By: Guadalupe Avelino, Deputy

23-2768-431

CAUSE NO. _____

| | | |
|---|---|---|
| MICHAEL CHILDRESS, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| VS. | § | ____ JUDICIAL DISTRICT |
| NORTHLAND INSURANCE COMPANY, | § | |
| Defendant. | § | DENTON COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW, MICHAEL CHILDRESS, Plaintiff in the above-entitled and numbered cause of action, complaining of Defendant, NORTHLAND INSURANCE COMPANY, and in support thereof would respectfully show the Court as follows:

### I.
### NOTICE OF RELATED CASE

This cause is related to *Michael Childress v. Abdirahman Aideed, Valley Logistics, LLC, Allstate County Mutual Insurnace Company, and John Doe*, Cause Number 21-10597-211 in the 211th Judicial District Court of Denton County, Texas.

### II.
### DISCOVERY CONTROL PLAN

Pursuant to Tex. R. Civ. P. 190.4, Plaintiffs intend to conduct discovery in this case under a Level 3 Discovery Plan.

### III.
### PARTIES

3.1   Michael Childress ("Plaintiff") is a resident of Lewisville, Denton County, Texas.

3.2   Northland Insurance Company ("Northland") is a foreign company doing business in the State of Texas. Northland may be served with process by serving its registered agent,

CORPORATION SERVICE COMPANY, 211 EAST 7TH STREET, SUITE 620, AUSTIN, TX 78701.

## IV.
## JURISDICTION and VENUE

4.1 This Court has jurisdiction in this cause since the damages to Plaintiff are within the jurisdictional limits of this Court.

4.2 Venue is proper in Denton County, Texas under TEX. CIV. PRAC. & REM. CODE §15.032 because it is the county in which the loss claimed occurred.

4.3 All conditions precedent have occurred.

## V.
## CLAIM FOR RELIEF

5.1 Pursuant to TEX. RULE OF CIV. P. 47(c)(4), Plaintiff's claim for monetary relief is over $1,000,000.00.

## VI.
## FACTS

6.1 On or about February 12, 2020, Plaintiff was injured in a motor vehicle collision in Denton County by Abdirahman Aideed, an interstate truck driver employed by Valley Logistics, LLC.

6.2 Plaintiff filed suit against Abdirahman Aideed and Valley Logistics, LLC (collectively "the Judgment Debtors") for damages sustained in the February 12, 2020 incident. On December 27, 2022, Plaintiff obtained a judgment against the Judgment Debtors in the amount of $3,119,147.69 ("the Judgment").

6.3 After the Judgment, the Court ordered that the Judgment Debtors turn over any causes of action that they may have against Northland to Plaintiff.

## VII.
## BREACH OF CONTRACT

7.1 At the time of the motor vehicle crash at issue, the Judgement Debtors were covered by a liability insurance policy issued by Northland.

7.2 Northland had a valid, enforceable contract with the Judgment Debtors to defend and indemnify them in the negligence action in which Plaintiff prevailed. Judgment Debtors performed their obligations under the contract, and Northland breached the contract by failing to defend and indemnify the Judgment Debtors, causing them to sustain damages.

## VIII.
## VIOLATION OF TEXAS INSURANCE CODE

8.1 Northland's acts and omissions constitute violations of Texas Insurance Code Chapters 541 and 542, including but not limited to:

    a. Engaging in unfair and/or deceptive acts and/or practices prohibited by Chapter 541 of the Texas Insurance Code;

    b. Misrepresenting to a material fact or policy provision relating to coverage at issue;

    c. Misrepresenting the terms of the policy;

    d. Misrepresenting the benefits or advantages promised by the policy;

    e. Making an untrue statement of material fact;

    f. Making a material misstatement of law;

    g. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    h. Failing to disclose a matter required by law to be disclosed;

    i. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim submitted in which its liability has become reasonably clear;

    j. Failing to promptly provide a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

                      insurer's denial of a claim;

k.    Failing within a reasonable time to affirm or deny coverage of a claim;

l.    Failing within a reasonable time to submit a reservation of rights to a policyholder;

m.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

n.    Failing to adhere to the time deadlines for prompt payment set forth in Texas Insurance Code; and

o.    Other violations of the Texas Insurance Code.

8.2    Northland's unfair and deceptive acts and practices, set forth above, were each a producing cause of damages to the Judgment Debtors. Further, these unfair and deceptive acts and practices were committed knowingly; therefore, Plaintiff should recover, in addition to the actual damages, an amount up to three times the amount of the actual damages.

8.3    Plaintiff is entitled to reasonable attorney's fees in the prosecution of the present case based on Northland's unfair and deceptive acts and practices.

## IX.
## NEGLIGENCE-STOWERS DOCTRINE

9.1    Northland owed a duty to Judgment Debtors to exercise ordinary care regarding the Plaintiff's claims against them. The failure to accept the Plaintiff's reasonable policy limit settlement offer was a breach of the duty to act reasonably and prudently to protect them from an excess judgment, proximately causing damages to Judgment Debtors.

## X.
## REQUEST FOR DECLARATORY JUDGMENT

10.1    The insurance policy issued by Northland—and filed with the Federal Motor Carrier Safety Administration—contained an MCS-90 endorsement, which is required of all insurance policies issued to interstate motor carriers. When an insurance carrier files an MCS-90

on behalf of a motor carrier, it creates a surety obligation for the benefit of the public in which the insurance carrier guarantees a source of recovery for a judgment taken against the motor carrier.

10.2   Pursuant to TEX. CIV. PRAC. & REM. CODE Chapter 37, Plaintiff seek a judgment finding and declaring that the MCS-90 endorsement is applicable and requires Northland to make payment to Plaintiff for any judgment entered in his favor in the underlying action.

## XI.
## RULE 193.7 NOTICE

11.1   Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice to each party that any and all documents produced may be used against the party producing the document at any pretrial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## XII.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

12.1   Plaintiff claims interest in accordance with TEX. FINANCE CODE §304.001 *et seq.* and any other applicable law.

## XIII.
## ATTORNEY'S FEES

13.1   Pursuant to TEX. CIV. PRAC. & REM. CODE §37.009 and §38.001, request is hereby made for all costs and reasonable and necessary attorney's fees incurred by Plaintiff, including all fees necessary in the event of an appeal of this cause.

## PRAYER

WHEREFORE, Plaintiff requests that the Defendant be cited in terms of law to appear and answer herein, that upon final trial and hearing hereof, Plaintiff recover:

a)   Declaratory Judgment as set forth above;

b)  Actual damages as set forth above;

c)  Attorney's fees;

d)  Costs of court;

e)  Prejudgment and post-judgment interest at the highest lawful rate;

f)  Exemplary and/or treble damages;

g)  Such other and further relief, both general and special, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

By: *Daniella Al*
**FELIPE B. LINK**
State Bar No. 24057968
E-Mail: flink@linklawpc.com
**DANIELLA ALVARADO**
State Bar No. 24109584
E-Mail: dalvarado@linklawpc.com
**(Above emails are not for service of documents)**
**LINK & ASSOCIATES**
10440 North Central Expy., Ste. 950
Dallas, Texas 75231
Telephone: (214) 214-3001
Facsimile: (214) 521-5871

**Designated Service E-mail:** e-filing@linklawpc.com

**ATTORNEYS FOR PLAINTIFF**